UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
v.                            )      Cr. No. 01-10314-MLW
                              )
CURT BELGROVE                 )

MEMORANDUM AND ORDER

WOLF, D.J.                                    October 27, 2011

I.   INTRODUCTION

     Now before this court are: (1) Defendant Curt Belgrove's
Motion to Reduce Sentence (Docket No. 850), filed on June 30, 2011;
(2) Belgrove's Motion for Post-Conviction Relief (Docket No. 852),
filed on August 31, 2011; and (3) Belgrove's Petition for Writ of
Coram Nobis (docketed as a Motion to Withdraw Plea of Guilty and
Set Aside Judgment of Conviction and Sentence (Docket No. 856)),
filed on October 13, 2011.[1]

     In the Motion to Reduce Sentence, Belgrove requests this court
reduce the sentence which was imposed on January 15, 2004 (see
Judgment, Docket No. 464) to 364 days (i.e., a term of imprisonment
of less than one year), and allow him to plead to possession of a
lesser drug amount.  In Belgrove's later-filed Motion for
Post-Conviction Relief, he seeks to vacate his conviction entirely
on the grounds that he was denied effective assistance of counsel

_____

     [1]The Clerk shall modify the docket to reflect that Docket No.
856 is a Petition for Writ of Coram Nobis, and shall terminate the
document insofar as it is listed as a Motion to Withdraw Plea of
Guilty and Set Aside Judgment of Conviction and Sentence.

because his counsel inadequately investigated the immigration consequences of his plea and provided him with incorrect advice regarding these consequences. At the core of these motions, Belgrove seeks to prevent his removal from the United States by collaterally attacking the underlying conviction forming the basis for his removal.[2]

On September 13, 2011, the Government filed a Response to Belgrove's Motion for Post-Conviction Relief (Docket No. 854) indicating that should this court construe the motion one filed pursuant to 28 U.S.C. § 2255, it would file a response as directed.

On October 13, 2011, Belgrove filed his petition for writ of coram nobis, in which he seeks a waiver of the filing fee, and incorporates a memorandum of law. Belgrove argues that he has presented extraordinary circumstances (based on his personal characteristics, family ties, and his understanding that his pleading guilty was part of his cooperation with the government) to justify the withdrawal of his guilty plea. He also appears to

---

[2]Belgrove states in his Motion to Reduce Sentence (Docket No. 850) that he is subject to a final order of removal issued on December 9, 2004. This court may not entertain challenges to the validity of the final order of removal based on alleged violations occurring in the course of Belgrove's criminal proceedings, because the REAL ID Act of 2005 strips this court of jurisdiction to review claims relating to the validity of a final order of removal. See 8 U.S.C. § 1252(b)(9) and (g). Judicial review of removal orders rests exclusively in the appropriate United States Circuit Court of Appeals. See id.; 28 U.S.C. § 1252(a)(5).

allege that he was not informed of the immigration consequences of his guilty plea.

II. DISCUSSION

    A.   <u>Construing the Petition</u>

    Generally, a defendant seeking to challenge his conviction or sentence must proceed by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, or, if § 2255 relief is not available, then a defendant may, under limited circumstances, seek habeas relief pursuant to 28 U.S.C. § 2241. Here, however, there is a question as to whether Belgrove satisfies the "in custody" requirement for relief under 28 U.S.C. §§ 2241 or 2255. <u>See, e.g.</u>, <u>Evola v. Carbone</u>, 365 F. Supp. 2d 592, 597 (D.N.J. 2005) (alien detained by federal immigration authorities seeking alien's removal on basis of conviction, after expiration of federal sentence, not "in custody" for purposes of § 2255); <u>but see Omosefunmi v. Attorney General of Massachusetts</u>, 152 F. Supp. 2d 42, 53 (D. Mass. 2001) (finding immigration authorities' active attempt to deport petitioner on the basis of the challenged conviction satisfied "in custody" requirement for relief under 28 U.S.C. § 2254 (citing <u>Hurtado v. Tucker</u>, 245 F.3d 7, 10 n.2 (1st Cir. 2001)); <u>cf.</u> <u>Hinds-Williams v. INS</u>, Civil Action No. 04-11295-DPW, 2004 WL 2935798 (D. Mass. 2004) (distinguishing <u>Omosefunmi</u> in case where alien was subject to removal order but was not detained

by immigration authorities). By contrast, <u>coram</u> <u>nobis</u> relief is only available if the petitioner is no longer in custody on the challenged sentence. <u>See</u> <u>Trenkler v. United States</u>, 536 F.3d 85, 98 (1st Cir. 2008)("[T]he writ of error coram nobis, in its modern form, is ordinarily available only to a criminal defendant who is no longer in custody."); <u>United States v. Sawyer</u>, 239 F.3d 31, 37 (1st Cir. 2001); <u>see also</u> <u>United States v. Wheeler</u>, 242 F.3d 385, *1 (9th Cir. 2000)(unpublished table decision)("[C]oram nobis relief is available to vacate a conviction for a petitioner who has fully served his sentence, but suffers from the lingering collateral consequences of an unconstitutional or unlawful conviction.").

In light of this, and in light of his recent filing of a petition for writ of <u>coram</u> <u>nobis</u>, this court will construe all three motions (i.e., Docket Nos. 850, 852, and 856) as constituting the complete petition for relief under 28 U.S.C. § 2255 or, in the alternative, for a writ of <u>coram</u> <u>nobis</u>.

    B.   <u>Belgrove's Petition</u>

        1.   <u>The Filing Fee</u>

Because this court considers a <u>coram</u> <u>nobis</u> petition as the "functional equivalent" of a § 2255 motion, no filing fee will imposed in connection with Belgrove's petition for relief under 28 U.S.C. § 2255 or, in the alternative, for a writ of <u>coram</u> <u>nobis</u>.

4

<u>See, e.g.</u>, <u>Emilio Ramos v. United States</u>, Civil Action No. 04-11805-DPW (Order (Docket No. 5)).

2.   <u>The Clerk Shall Open the Petition as a New Civil Action</u>

For administrative and statistical purposes, the Clerk's Office is directed to open the petition for relief (Docket Nos. 850, 852, and 856) as a new civil case in the same manner as other § 2255 motions.  This Memorandum and Order shall be docketed in both the instant criminal case and the new civil action; however, all future filings shall be made in the civil action.

3.   <u>Service of the Petition</u>

This court will direct service of the petition for relief under 28 U.S.C. § 2255 or, in the alternative, for a writ of <u>coram nobis</u> (Docket Nos. 850, 852, and 856) on the United States, and will direct the United States to respond to the petition.  In light of the fact that Belgrove appears to be subject to a final order of removal, this court will require the government to respond within twenty-one days, as set forth below.

4.   <u>Status of Removal</u>

This court will not stay Belgrove's removal; however, the court directs the United States to file a Status Report along with its response to the petition, indicating the status of Belgrove's removal.  The United States shall also advise this court within two business days before any scheduled removal.

III. CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.  This court construes petitioner's Motion to Reduce Sentence (Docket No. 850), Motion for Post-Conviction Relief (Docket No. 852) and Petition for Writ of <u>Coram</u> <u>Nobis</u> (Docket No. 856) as a single petition for relief under 28 U.S.C. § 2255 or, in the alternative, for a writ of <u>coram</u> <u>nobis</u>.

2.  No filing fee is imposed for the filing of the petition;

3.  The Clerk shall open the petition for relief under 28 U.S.C. § 2255 or, in the alternative, for a writ of <u>coram</u> <u>nobis</u> (Docket Nos 850, 852, and 856) as a new civil action in the same manner as other motions pursuant to 28 U.S.C. § 2255;

4.  This Memorandum and Order shall be docketed in both the instant criminal action and the new civil action; all future pleadings shall be filed in the civil action and not the criminal action;

5.  The Clerk shall serve a copy of the petition for relief under 28 U.S.C. § 2255 or, in the alternative, for a writ of <u>coram</u> <u>nobis</u> upon the office of the United States Attorney;

6.  Within twenty-one (21) days of the date of this Memorandum and Order, the United States shall file an answer (or other responsive pleading) to the petition. The answer (or other responsive pleading) must also include a statement notifying this Court of the existence of any victim or victims as defined by 18 U.S.C. § 3771;

7.  Within seven (7) days of the date of this Memorandum and Order, the United States shall file a report concerning the status of petitioner's removal, stating when he is expected to be deported and whether it is willing to defer his deportation until his petition is decided; and

8.  The United States shall advise this court within two business days before any scheduled removal of petitioner.

SO ORDERED.

                              /s/ Mark L. Wolf
                    UNITED STATES DISTRICT JUDGE